IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LEWIS MASON,                              No. CIV S-11-1309-CMK-P

       Plaintiff,

   vs.                                                          ORDER

MERCY MEDICAL CENTER, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

10  Plaintiff names the following as defendants: Mercy Medical Center, Trish
11  Patterson, Elizabeth Hernandez, Teresa Souza, Levi Solada, Peter Brindley, Pete Hansen, and
12  City of Redding.  Plaintiff states that, prior to his incarceration, he arrived at Mercy Medical
13  Center on August 4, 2010 for treatment.  X-rays were obtained and reviewed by defendant
14  Patterson, a doctor at Mercy Medical Center.  According to plaintiff, Dr. Patterson "observed a
15  foreign object in Plaintiff's rectum."  When asked by Dr. Patterson what was in his rectum,
16  plaintiff responded "tobacco."  Plaintiff states that Dr. Patterson referred the matter to Redding
17  Police Department, specially, defendants Solada and Brindley "with the assistance of RN
18  Elizabeth Hernandez and Teresa Souza."  Plaintiff alleges that Dr. Patterson "conspired with
19  officer Solada & Brindley . . . to detain and retrieve the foreign object over Mr. Mason strong
20  objections and protest."  Plaintiff states that there was no warrant allowing a search or seizure.
21  According to plaintiff, Dr. Patterson said that a laxative could be administered in
22  order to retrieve the foreign object.  Plaintiff states that, despite this suggestion, defendants
23  Solada and Brindley "authorized to use extreme physical force by forcefully restraining Mason to
24  the hospital bed."  Plaintiff next alleges that "RN Souza & Hernandez participated in sexually
25  assaulting Mr. Mason with Officer Brindley and Solada."  Plaintiff states: "They tore Mr. Mason
26  rectum."  Plaintiff states that he was in extreme pain and that he was also bleeding.  He also

claims to be suffering from post-traumatic stress disorder.

As to other named defendants, plaintiff claims that defendant Hansen, the Chief of Police, is liable for failing to properly train and discipline officers under him, specifically defendants Solada and Brindley. Plaintiff claims that Mercy Medical Center is liable for implementing "customs" which "allowed Doctor Patterson and RN Hernandez and Souza to recommend that they will willing to participate with the officers and assist in violation Mr. Mason's civil rights under the cloak of 'color of state law.'" Plaintiff adds that "[a]ll defendants knew Mr. Mason had a reasonable expectation of privacy in having a forcible full body cavity search without a warrant to do so." He also claims that defendants acted with malice.

## II. DISCUSSION

The court finds that plaintiff's complaint suffers from a number of defects, each discussed below.

### A. Insufficient Factual Allegations to Determine Subject Matter Jurisdiction

Plaintiff essentially claims defendants conspired to subject him to a warrantless search and seizure in violation of the Fourth Amendment. Because plaintiff is now incarcerated, it is reasonable to infer that plaintiff is incarcerated as a result of a criminal prosecution relating to evidence discovered by the body cavity search. If a criminal case is still ongoing in any stage, Younger abstention would be implicated, see Younger v. Harris, 401 U.S. 37 (1971) (barring the federal court from hearing a civil rights claim arising from an ongoing criminal prosecution), as would the issue of a Wallace stay, see Wallace v. Kato, 127 S.Ct. 1091 (2007) (allowing a federal court to stay consideration of the federal claim until the criminal case is resolved). If a criminal case is concluded to final judgment, then this case might be Heck-barred because success on the 4th Amendment claim would imply the invalidity of the underlying conviction. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an

1  element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v.
2  Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
3  because allegations of procedural defects were an attempt to challenge substantive result in
4  parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
5  challenge was to conditions for parole eligibility and not to any particular parole determination);
6  cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in
7  procedures for determining when an inmate is eligible for parole consideration not barred
8  because changed procedures would hasten future parole consideration and not affect any earlier
9  parole determination under the prior procedures).

   The court will provide plaintiff an opportunity to amend in order to allege facts sufficient to resolve these jurisdictional questions.[1]

### B.   Mercy Medical Center not a Proper Defendant in a § 1983 Action

Plaintiff names as a defendant Mercy Medical Center, which is alleged to have implemented "customs" which led to the constitutional violation. Plaintiff does not, however, state what those "customs" were or how they contributed to any constitutional violation. While plaintiff alleges that these unspecified "customs" allowed a constitutional violation to occur, he does not state how the "customs" did so. In any event, Mercy Medical Center is not a state actor and cannot be held liable under § 1983. See Price v. Hawai'i, 939 F.3d 702, 707-08 (9th Cir. 1991). Mercy Medical Center should be dismissed with prejudice.

///
///
///
///

---

[1] Even if it is proper to exercise subject matter jurisdiction at this time, the court may nonetheless conclude that, for the reasons discussed in the remainder of this order, plaintiff cannot state any cognizable claims. In other words, the jurisdictional issue is not the only hurdle plaintiff must clear before the action can proceed further.

### C. No Respondeat Superior Liability

Plaintiff claims that defendant Hansen, the chief of police, is liable for failing to properly train and discipline officers under him. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Defendant Hansen should be dismissed with prejudice.

### D. Conclusory Allegations of Conspiracy Insufficient

Plaintiff's conclusory allegations of a conspiracy with police officers is insufficient to state a claim against defendants Patterson, Hernandez, and Souza. Private actors may be liable under § 1983 as state actors where a conspiracy between private and state actors is alleged. See Tower v. Glover, 467 U.S. 914, 920 (1984). Here, plaintiff alleges that these defendants conspired with police officers to deprive him of his constitutional right to be free from unreasonable searches and seizures. Plaintiff does not, however, plead facts sufficient to show a meeting of the minds among the defendants, and that all members of the alleged conspiracy shared the common objective of depriving plaintiff of his constitutional rights. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-01 (9th Cir. 1989) (en banc). Plaintiff's conclusory allegation is insufficient. See Radcliffe v. Ranbow Constr. Co., 254 F.3d 772, 783-84 (9th Cir. 2001). Plaintiff will be granted leave to amend to plead his claim against defendants Patterson, Hernandez, and Souza with more specificity.

/ / /

/ / /

### E. No Allegations as to Defendant City of Redding

While the complaint lists City of Redding as a defendant, there are no factual allegations relating to this defendant. Leave to amend will be granted to ascertain whether plaintiff has any specific allegations which would show this defendant's liability.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and

6

the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

 1. Plaintiff's complaint is dismissed with leave to amend; and

 2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: August 19, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE