IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LEWIS MASON,                          No. 2:11-CV-1309-CMK-P

    Plaintiff,

  vs.                                                    ORDER

MERCY MEDICAL CENTER, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 18).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Mercy Medical Center, Trish Patterson, Elizabeth Hernandez, Teresa Souza, Levi Solada, Peter Brindley, and City of Redding.[1]

Plaintiff states that, prior to his incarceration, he arrived at Mercy Medical Center on August 4, 2010 for treatment. X-rays were obtained and reviewed by defendant Patterson, a doctor at Mercy Medical Center. According to plaintiff, Dr. Patterson "observed a foreign object in Plaintiff's rectum." When asked by Dr. Patterson what was in his rectum, plaintiff responded "tobacco." Plaintiff states that Dr. Patterson referred the matter to Redding Police Department, specially, defendants Solada and Brindley "with the assistance of RN Elizabeth Hernandez and Teresa Souza." Plaintiff alleges that Dr. Patterson "conspired with officer Solada & Brindley . . . to detain and retrieve the foreign object over Mr. Mason strong objections and protest." Plaintiff states that there was no warrant allowing a search or seizure.

///

---

[1] Pete Hansen is not named as a defendant in the amended complaint. The Clerk of the Court will be directed to terminate this individual as a defendant to this action.

1       According to plaintiff, Dr. Patterson said that a laxative could be administered in
2 order to retrieve the foreign object.  Plaintiff states that, despite this suggestion, defendants
3 Solada and Brindley "authorized to use extreme physical force by forcefully restraining Mason to
4 the hospital bed."  Plaintiff next alleges that "RN Souza & Hernandez participated in sexually
5 assaulting Mr. Mason with Officer Brindley and Solada."  Plaintiff states: "They tore Mr. Mason
6 rectum."  Plaintiff states that he was in extreme pain and that he was also bleeding.  He also
7 claims to be suffering from post-traumatic stress disorder.

8       As to other named defendants, plaintiff claims that defendant Hansen, the Chief of
9 Police, is liable for failing to properly train and discipline officers under him, specifically
10 defendants Solada and Brindley.  Plaintiff claims that Mercy Medical Center is liable for
11 implementing "customs" which "allowed Doctor Patterson and RN Hernandez and Souza to
12 recommend that they will willing to participate with the officers and assist in violation Mr.
13 Mason's civil rights under the cloak of 'color of state law.'"  Plaintiff adds that "[a]ll defendants
14 knew Mr. Mason had a reasonable expectation of privacy in having a forcible full body cavity
15 search without a warrant to do so."  He also claims that defendants acted with malice.

16

17       **II.  DISCUSSION**

18       The court finds that, as with the original complaint, plaintiff's amended complaint
19 suffers from a number of defects, each discussed below.

20       **A.**     **<u>Insufficient Factual Allegations to Determine Subject Matter Jurisdiction</u>**

21       Plaintiff essentially claims defendants conspired to subject him to a warrantless
22 search and seizure in violation of the Fourth Amendment.  Because plaintiff is now incarcerated,
23 it is reasonable to infer that plaintiff is incarcerated as a result of a criminal prosecution relating
24 to evidence discovered by the body cavity search.  If a criminal case is still ongoing in any stage,
25 <u>Younger</u> abstention would be implicated, see <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (barring the
26 federal court from hearing a civil rights claim arising from an ongoing criminal prosecution), as

would the issue of a <u>Wallace</u> stay, see <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007) (allowing a federal court to stay consideration of the federal claim until the criminal case is resolved). If a criminal case is concluded to final judgment, then this case might be <u>Heck</u>-barred because success on the 4th Amendment claim would imply the invalidity of the underlying conviction. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. <u>Neal</u>, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

      Plaintiff was provided an opportunity to amend in order to set forth additional factual allegations which would clear up the jurisdiction issues in this case. Plaintiff, however, has not done so. The amended complaint does not shed any more light on the jurisdictional issue than did the original complaint. In any event, either under <u>Younger</u> abstention applicable where criminal proceedings are ongoing, or either <u>Heck</u> which bars civil suits which would necessarily invalidate a criminal conviction, it does not appear that this court has jurisdiction over the case at this time.

/ / /

/ / /

/ / /

/ / /

B. **Mercy Medical Center not a Proper Defendant in a § 1983 Action**

Plaintiff names as a defendant Mercy Medical Center, which is alleged to have implemented "customs" which led to the constitutional violation. Plaintiff does not, however, state what those "customs" were or how they contributed to any constitutional violation. While plaintiff alleges that these unspecified "customs" allowed a constitutional violation to occur, he does not state how the "customs" did so. In any event, Mercy Medical Center is not a state actor and cannot be held liable under § 1983. See Price v. Hawai'i, 939 F.3d 702, 707-08 (9th Cir. 1991). Mercy Medical Center should be dismissed with prejudice. Plaintiff was advised of these problems in a prior order and appears not to have addressed them. The court now concludes that Mercy Medical Center is not a proper defendant and should be dismissed with prejudice.

C. **Conclusory Allegations of Conspiracy Insufficient**

Plaintiff's conclusory allegations of a conspiracy with police officers is insufficient to state a claim against defendants Patterson, Hernandez, and Souza, who are all private doctors. Private actors may be liable under § 1983 as state actors where a conspiracy between private and state actors is alleged. See Tower v. Glover, 467 U.S. 914, 920 (1984). Here, plaintiff alleges that these defendants conspired with police officers to deprive him of his constitutional right to be free from unreasonable searches and seizures. Plaintiff does not, however, plead facts sufficient to show a meeting of the minds among the defendants, and that all members of the alleged conspiracy shared the common objective of depriving plaintiff of his constitutional rights. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-01 (9th Cir. 1989) (en banc). Plaintiff's conclusory allegation is insufficient. See Radcliffe v. Ranbow Constr. Co., 254 F.3d 772, 783-84 (9th Cir. 2001). Plaintiff was granted leave to amend to plead his claim against defendants Patterson, Hernandez, and Souza with more specificity but has failed to do so. Instead, he essentially repeats his conclusory allegations without identifying specific facts which would show a meeting of the minds. Defendants Patterson, Hernandez, and Souza should be dismissed with prejudice.

### D. No Allegations as to Defendant City of Redding

While the complaint lists City of Redding as a defendant, there are no factual allegations relating to this defendant. Leave to amend was granted to ascertain whether plaintiff has any specific allegations which would show this defendant's liability. Plaintiff failed to add any such allegations in the amended complaint now before the court. Defendant City of Redding should also be dismissed with prejudice.

### E. Allegations against Defendants Solada and Brindley

Defendants Solada and Brindley are alleged to be police officers who, with various private actors at Mercy Medical Center, violated his right to be free from unreasonable searches and seizures. If the court were able to determine whether it has subject matter jurisdiction over the case, it would seem that it would be appropriate to allow the action to go forward on plaintiff's Fourth Amendment claim. As discussed above, however, such a claim is either barred under Heck if plaintiff has been convicted of a crime arising from the search and seizure in question, or the action is barred under the Younger abstention doctrine which commands that federal courts will not entertain civil suits arising from ongoing criminal prosecutions. Thus, whether criminal proceedings are ongoing or have been concluded to a final judgment, this court lacks subject matter jurisdiction at this time.

### III. CONCLUSION

To summarize, the court has provided plaintiff ample opportunity to allege specific factual allegations which would show a conspiracy between state actors and private parties such that the private parties could be considered acting under color of state law. Plaintiff however, has not done so and the court now concludes that dismissal of the private parties, with prejudice, is appropriate. Similarly, defendants City of Redding should be dismissed with prejudice, as should defendant Mercy Medical Center, for the reasons discussed above.

///

1    As to plaintiff's Fourth Amendment claim against the two police officer
2 defendants named – Solada and Brindley – plaintiff has not provided sufficient allegations to
3 allow the court to determine whether it has subject matter jurisdiction.  However, either under
4 Younger or Heck, it does not appear that subject matter jurisdiction exists at this time.  Plaintiff's
5 action as to these remaining two defendants will be dismissed without prejudice.
6    Because it does not appear possible that the deficiencies identified herein can be
7 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
8 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
9    Accordingly, IT IS HEREBY ORDERED that:
10    1.    The Clerk of the Court shall update the docket to reflect that Pete Hansen
11 is no longer a defendant to this action;
12    2.    Defendants Mercy Medical Center, City of Redding, Patterson, Hernandez,
13 and Souza are dismissed with prejudice; and
14    3.    The action is dismissed in its entirety as to the remaining defendants
15 without prejudice.

 DATED: June 25, 2012

_____
 **CRAIG M. KELLISON**
 UNITED STATES MAGISTRATE JUDGE