IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEWIS MASON, | No. 2:11-CV-1309-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| MERCY MEDICAL CENTER, et al., | |
|     Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Final judgment was entered on June 26, 2012. Pending before the court is plaintiff's motion for reconsideration (Docs. 22 & 23).

       The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

/ / /

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

In this case, plaintiff asks that the court reconsider its ruling that the court lacks subject matter jurisdiction, either under Younger v. Harris, 401 U.S. 37 (1971), or Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff now states that the allegedly improper search and seizure did not result in any criminal prosecution. Despite having been advised of the jurisdictional issue in a prior order, plaintiff failed to include this allegation in his amended complaint. He only now makes this allegation. The court is willing to entertain plaintiff's motion for reconsideration, but only if plaintiff files a proposed second amended complaint which sets forth in a single pleading all his claims, as well as the factual basis for subject matter jurisdiction. Here, that would require plaintiff outlining what criminal action, if any, resulted from the search and seizure about which he complains. If plaintiff fails to submit a proposed amended complaint within the time provided herein, plaintiff's motion for reconsideration will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file a proposed second amended complaint within 30 days of the date of this order.

DATED: August 8, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE