IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEWIS MASON, | No. 2:11-CV-1309-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| LEVI SOLADA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion for appointment of counsel (Doc. 28); and (2) plaintiff's motion for leave to amend (Doc. 30).

Turning first to plaintiff's motion for leave to amend, plaintiff's motion is not accompanied by a proposed amended complaint.  As a prisoner proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it as required by law.  Plaintiff's motion for leave to amend will be denied.

/ / /

1

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims, which are not substantially complex. Appointment of counsel is not warranted and plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for leave to amend (Doc. 30) is denied; and

2.   Plaintiff's motion for appointment of counsel (Doc. 28) is denied.

DATED: January 2, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE