IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEWIS MASON, | No. 2:11-CV-1309-CMK-P |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| LEVI SOLADA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendants' unopposed motion for summary judgment (Doc. 39).

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

## A. Plaintiff's Allegations

Plaintiff states that, prior to his incarceration, he arrived at Mercy Medical Center on August 4, 2010, for treatment. X-rays were obtained and reviewed by Dr. Patterson. According to plaintiff, Dr. Patterson "observed a foreign object in Plaintiff's rectum." When asked by Dr. Patterson what was in his rectum, plaintiff responded "tobacco." Plaintiff states that Dr. Patterson referred the matter to Redding Police Department, specifically, defendants Solada and Brindley "with the assistance of RN Elizabeth Hernandez and Teresa Souza." Plaintiff alleges that Dr. Patterson "conspired with officer Solada & Brindley . . . to detain and retrieve the foreign object over Mr. Mason strong objections and protest." Plaintiff states that there was no warrant allowing a search or seizure. According to plaintiff, Dr. Patterson said that a laxative could be administered in order to retrieve the foreign object. Plaintiff states that, despite this suggestion, defendants Solada and Brindley "authorized to use extreme physical force by forcefully restraining Mason to the hospital bed."

## B. Defendants' Evidence

Based on defendants' declarations, as well as documents which are judicially noticeable, defendants state that the following facts are undisputed:

1. Plaintiff was transported to Mercy Medical Center, which is a private medical facility, on August 4, 2010, at 7:30 p.m. due to seizure-like symptoms.

2. Plaintiff informed medical staff that he had placed tobacco and a lighter in his rectum.

3. X-rays were obtained which revealed the presence of a foreign object in plaintiff's rectum.

4. Concerned for plaintiff's safety, medical staff believed the foreign object should be removed.

5. Meanwhile, defendant Brindley, who had been informed by plaintiff's parole agent that plaintiff was subject to an outstanding arrest warrant on a parole violation, was dispatched with defendant Solada to take plaintiff into custody once he had been medically cleared.

6. When they arrived at the hospital, defendants were informed by medical staff that they believed the foreign object in plaintiff's rectum should be removed.

7. An option for a laxative was presented but rejected by medical staff because plaintiff would not be under constant supervision once placed in custody.

8. Medical staff informed defendants that the foreign object would need to be removed.

9. Defendants informed medical staff that, because plaintiff was not in custody at the time, the decision was up to medical staff.

10. Medical staff chose to remove the object for plaintiff's safety and performed a medical procedure to do so.

11. Defendants did not participate in the medical procedure in any way.

12. While at Mercy Medical Center on August 4, 2010, plaintiff made a number of threats to nursing staff, including a statement that he was going to "come back and fuck you up."

13. Once the foreign object was removed and plaintiff was medically cleared to be transported, defendants took plaintiff to the Shasta County Jail where he was booked for the parole violation as well as for violation of California Penal Code § 422 for threatening medical staff.

14. In the state court criminal proceedings resulting from the § 422 charge, plaintiff moved to dismiss the charges arguing that his Fourth Amendment rights had been violated by means of a non-consensual medical procedure which constituted an unlawful search and seizure.

15. After a hearing, which included testimony, the trial judge denied plaintiff's motion, finding that there was no evidence of "state action" to support a Fourth Amendment claim.

## II.  STANDARDS FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P.

56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
>
> Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the

1  parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

2  In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III. DISCUSSION

Pursuant to the court's October 9, 2012, order, this action proceeds on plaintiff's Fourth Amendment search and seizure claim against defendants Solada and Brindley. In their unopposed motion, defendants argue that they are entitled to summary judgment in their favor because plaintiff cannot establish that they acted under color of law. First, defendants argue that plaintiff's current § 1983 claims are barred because the essential issue of whether defendants' conduct amounted to "state action" was decided against plaintiff in a prior state court proceeding. Second, in a related argument, defendants assert that plaintiff cannot prevail because the undisputed evidence shows that they were not acting under color of law.

/ / /

/ / /

/ / /

Turning to defendants' first argument, two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines – issue preclusion – ". . .bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Id. The other doctrine – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

The court agrees with defendants that plaintiff is estopped from bringing the instant § 1983 claims because a dispositive issue in this case – whether any of the conduct alleged in the complaint amounts to "state action" – has already been decided against plaintiff in a prior state court proceeding. Specifically, as indicated both by defendants' evidence as well as a state court transcript filed with plaintiff's amended complaint, the state trial court denied plaintiff's pre-trial motions to dismiss his criminal case on the grounds that a Fourth Amendment violation had occurred. In denying the motions, the state court determined that no constitutional violation had occurred because there was no state action.

Turning to defendants' second argument, to prevail under § 1983 a plaintiff must establish a constitution violation caused by the conduct of a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007). Generally, conduct by private actors – such as the Mercy Medical Center staff in

this case – is not actionable under § 1983.  See <u>Sutton v. Providence St. Joseph Medical Center</u>, 192 F.3d 826, 835 (9th Cir. 2010).  Government officials, however, may be responsible for private conduct ". . . when [they have] exercised coercive power or [have] provided such significant encouragement. . .that the choice must in law be deemed to be that of the State." <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982).

        The court also agrees with defendants that, even if plaintiff's claims are not barred, he cannot prevail because there is no evidence that defendants acted under color of state law.  Based on plaintiff's allegations, his claims in this case necessarily arise under a theory that the actions of Mercy Medical Center staff can be deemed to be those of defendants because defendants exercised coercive power.  The evidence, however, indicates just the opposite.  Specifically, defendants' uncontested evidence shows that defendants played no part in the decision to remove the foreign object from plaintiff's rectum.  Instead, the decision was left solely to the judgement of Mercy Medical Center staff.  Because there is no evidence of coercion, plaintiff cannot prove a necessary element of his claims.

### IV.  CONCLUSION

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Defendants' unopposed motion for summary judgment (Doc. 39) is granted; and

        2.    The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 28, 2014

                                                                       */s/ Craig M. Kellison*
                                                                     **CRAIG M. KELLISON**
                                                                       UNITED STATES MAGISTRATE JUDGE